SCOTT N. SCHOOLS (SC 9990)
United States Attorney

W. DOUGLAS SPRAGUE (CASBN 202121)
Acting Chief, Criminal Division

SHAWNA YEN (CASBN 224447)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5054
   Facsimile:  (408) 535-5066
   Email: shawna.yen2@usdoj.gov

Attorneys for Plaintiff

FILED

AUG - 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                         )<br>     Plaintiff,                 )<br>                                         )<br>    v.                          )<br>                                         )<br>DAVID WADE GOVANG,         )<br>                                       )<br>     Defendant.             )<br>_____) | CR No. 07-00349 RMW<br><br>PLEA AGREEMENT |

       I, David WadeAugust 1, 2007 Govang, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

       1.     I agree to plead guilty to Count One of the captioned Superseding Information ("Information") charging me with possession of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(B). I agree that the elements of the

PLEA AGREEMENT
CR 07-00349 RMW

offense and the maximum penalties are as follows: (1) the defendant knowingly and intentionally possessed any material containing visual depictions of minors engaged in sexually explicit conduct; (2) that had been mailed, shipped, or transported in interstate or foreign commerce or produced using material that had been mailed/shipped or transported in interstate or foreign commerce by any means, including by computer. I agree that the maximum penalties are as follows:

    a.    Maximum prison sentence    10 years

    b.    Maximum fine    $ 250,000

    c.    Maximum supervised release term    Life

    d.    Mandatory special assessment    $ 100

    e.    Registration as sex offender, 18 U.S.C. §§ 2250 & 4042(c)

2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true:

> In or about July of 2006, I knowingly possessed visual depictions of minors engaged in sexually explicit conduct. I had obtained those visual depictions of minors engaged in sexually explicit conduct by using my computer, specifically by downloading the images from the Internet. In addition, because the images included known victim images originating from outside the state of California, I agree that they had been shipped or transported in interstate or foreign commerce prior to coming into my possession in California.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I may have to appeal any aspect of my sentence,

including any orders relating to forfeiture and/or restitution.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered.

7. I agree that the Court will calculate my sentencing range under the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

  a. Base Offense Level, U.S.S.G. § 2G2.2(a):  18

  b. Specific offense characteristics:

    » Prepubescent minors,
     U.S.S.G. § 2G2.2(b)(2):  +2

    » Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain:
     U.S.S.G. § 2G2.2(b)(3)(B)  +5

    » Sadistic or masochistic conduct:
     U.S.S.G. § 2G2.2(b)(4):  +4

    » Use of computer
     U.S.S.G. § 2G2.2(b)(6):  +2

    » More than 600 images:  +5

  c. Acceptance of Responsibility: If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility

through and including the time of sentencing:

        d.    Adjusted offense level:    33

8. I agree that I will make a good faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. Before or after sentencing, I will, upon request of the Court, the government, or the U.S. Probation Office, provide accurate and complete financial information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I agree to pay the special assessment at the time of sentencing.

9. I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release (if any); not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree that, if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in paragraph 13 below, but I will not be released from my guilty plea.

10. I agree to forfeit my interest in the following property (hereinafter "subject property") all of which was seized from my residence on July 25, 2006:

        (1) a black and silver Dragon Soyo Computer Tower,

        (2) a Samsung Hard Drive S/N 0263J1FNB79480, and

        (3) 19 CDR's.

I admit that the subject property was involved in the possession of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(4)(B), and thus forfeitable to the United States pursuant to the provisions of Title 18, United States Code, Section 2253(a)(3). I relinquish any and all right, title and interest I may have in the subject property and agree that such right, title and interest can be forfeited to the United States (including the Federal Bureau of Investigation) without further notice to me. I further agree not to assist any other individual in any effort to falsely contest the forfeiture of the subject property..

I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment and statute of limitations.

11. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

12. I agree that this Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

13. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Information.

The Defendant's Affirmations

14. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that he has provided me with all the legal advice that I requested.

15. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

16. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 8-6-07

DAVID WADE GOVANG
Defendant

          SCOTT N. SCHOOLS
          United States Attorney

Dated: 8/6/07

*/s/ Shawna Yen*
SHAWNA YEN
Assistant United States Attorney

    I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights he is giving up by pleading guilty, and, based on the information now known to me, his decision to plead guilty is knowing and voluntary.

Dated: 8/6/07

*/s/ Jerry Lipkin*
JERRY LIPKIN, ESQ.
Attorney for Defendant