1  **Jerry C. Lipkin** Bar No. 42948
   One Kaiser Plaza, Suite 2300
2  Oakland, California 94612-3642
   Tel No. (510) 836-0100
3  Fax. No. (510) 832-3690

4  Attorney for *Defendant David Govang*

5

6

7

8  𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔆𝔬𝔲𝔯𝔱
   𝔑𝔬𝔯𝔱𝔥𝔢𝔯𝔫 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 𝔆𝔞𝔩𝔦𝔣𝔬𝔯𝔫𝔦𝔞
9  𝔖𝔞𝔫 𝔍𝔬𝔰𝔢 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫

10

11 UNITED STATES OF AMERICA,                    Case No.  CR-07-00349 RMW/RS

                 *Plaintiff*,                   SENTENCING MEMORANDUM
12
          vs.                                   Date:        November 13, 2007
13                                              Time:        9:00 am
   DAVID GOVANG,                                Courtroom:   6, 4th Floor (Ronald M. Whyte)
14
                 *Defendant*.                    *Speedy Trial Act Not Applicable*
15

16                      **SENTENCING MEMORANDUM**

17                           **1. Introduction**

18        Defendant is a 23 year old man who has entered a plea of guilty to one count of

19 possession of child pornography, a violation of 18 U.S.C. section 2252(A)(4)(B). Defendant has

20 no prior criminal history.   He is single and has been attending Ohlone College, studying audio

21 engineering.

22        Defendant was arrested after the administrator of a website calling itself the "North

23 American Man Girl Love Association" assisted the FBI in turning in his users.  The website

24 hosted a message board where users could post and obtain sexually explicit material involving

25 underage females.  Defendant had posted a link to a website in the Czech Republic that hosted

26 such material. A search of defendant's home revealed that defendant had been collecting such

27 material.

28                                       1

The adjusted offense level is 33, with a sentencing range of 135-168 months. The maximum sentence is 120 months, so that the maximum defendant can be sentenced to is 120 months.

### 2. Sentencing considerations under 18 U.S.C. section 3553(a)

Section 3553(a) lists the following factors that the court must consider in imposing a sentence:

"(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28)...

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28)...

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense."

The Sentencing Guidelines are of marginal relevance in this case, since they exceed the maximum sentence for the offense.  Sections (a)(1), (2), and (6) are of most relevance.  Regarding factor (a)(6), this is a case in which the individual running a site promoting child pornography, in essence, turned in his users in exchange for leniency in a federal fraud case.  The defense has not been advised of what sentence this individual received.  The discussion in the presentence report suggests that the individual was not even charged with promoting child pornography, but would have received prison time, if any, for unrelated fraud charges.  A sentencing disparity of zero years for the website administrator to ten years for one of the users is surely the type of sentencing disparity that section 3553(a)(6) was intended to address.

Concerning section (a)(2), it would appear that any prison sentence at all would provide adequate deterrence for this defendant and would prevent defendant from ever repeating the offense.  Defendant collected the offending materials because they were forbidden and required defendant to locate and access hard-to-find sites blocked to users in the United States and outwit the encryption and encoding of the sexually explicit images. Obtaining the materials involved working out puzzles and obtaining secretive information.  The presentence report mentions that the psychological evaluation conducted of the defendant on May 23, 2007 and May 30, 2007, which showed that defendant had no real-life attraction to children, no inclination towards exploiting others, and good insight and the necessary motivation to perform well in sex offender treatment.  Defendant reports that, shortly before he was arrested, he saw an image of a young girl trying to hide that she was actually crying, at that point realized that creating the images involved causing real harm to others, and had decided to stop collecting the images and destroy what he had collected.

Similarly, any prison sentence would adequately deter persons in defendant's position, who similarly collect forbidden images just for the challenge of doing so.  A prison sentence will not provide defendant with needed educational or vocational training, medical care, or other correctional treatment – any of this would have to be addressed after defendant has completed whatever prison sentence is imposed.

3

Sentencing Memorandum

1    In this case, there are, of course, none of the typical factors justifying a lengthy sentence.

2    Defendant was not involved in violence or threatening others with violence, no weapons were

3    involved, and defendant was not an organizer, leader, or manager of any illicit activities. He was

4    also cooperative and provided the government with various links to other sites, foreign proxy

5    servers for accessing these sites, and directions on how to obtain the materials.

6    Given the above, defendant should receive a sentence that is substantially less than the

7    120 month maximum. The defense urges the court to fashion a sentence that is structured with

8    alternatives to custody.

9    Dated:  Oakland, California, Monday, November 5, 2007.

13    _____
     Jerry C. Lipkin
14    Attorney for Defendant

**PROOF OF SERVICE**

I, the undersigned, depose and state: I reside or do business within the County of Alameda. I am over eighteen years of age and not a party to this action. My business address is 1 Kaiser Plaza, Suite 2300, Oakland, CA 94612-3642.

On Monday, November 5, 2007, I served the following documents:

Sentencing Memorandum

I served the following persons:

Waseem Iqbal                          Shawna Yen
U.S. Probation Office                 Assistant U.S. Attorney
280 S. First Street, suite 106
San Jose, California 95113-3003       served by efiling
faxed to:  (408) 535-5206

I declare under penalty of perjury that the above is true. Executed in Oakland, California on Monday, November 5, 2007.



_____
Jerry C. Lipkin
Attorney for Defendant