SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

SHAWNA YEN (CASBN 224447)
Assistant United States Attorney

  150 Almaden Boulevard, Suite 900
  San Jose, California 95113
  Telephone: (408)-535-5054
  Facsimile:  (408) 535-5066
  Email: shawna.yen2@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | No. CR 07-00349 RMW |
| ) | |
| Plaintiff,  ) | UNITED STATES' SENTENCING MEMORANDUM AND MOTION PURSUANT TO U.S.S.G. § 5K1.1 |
| ) | |
| v.  ) | |
| ) | |
| DAVID GOVANG,  ) | Date:   November 13, 2007 |
| ) | Time:   9:00 a.m. |
| Defendant.  ) | Court:  Hon. Ronald M. Whyte |
| ) | |

The United States hereby submits its sentencing memorandum in the above-referenced case. The United States agrees with the Probation Office that the total adjusted offense level is 33, and that given a Criminal History Category of I, the defendant David Govang faces a guidelines range of 135-168 months. However, the United States hereby moves for a ten-level downward departure on Govang's offense level for his substantial assistance in the investigation and prosecution of other individuals, pursuant to U.S.S.G. § 5K1.1.

If the Court grants this Section 5K1.1 motion, the resulting total offense level would then be 23. Given Govang's Criminal History Category of I, the applicable guidelines range would

1  then be 46-57 months.  The United States requests that the Court impose a sentence of 46
2  months, which reflects the bottom of the guidelines range and which is a reasonable sentence
3  after considering the factors under 18 U.S.C. § 3553(a).

### A.  The United States Moves for a Ten-Level Downward Departure Under U.S.S.G. § 5K1.1

The United States moves for a ten-level reduction in David Govang's offense level under U.S.S.G. § 5K1.1.

Section 5K1.1 of the United States Sentencing Guidelines provides that: "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1.  That section further provides:

> The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
>
> (1)  the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2)  the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3)  the nature and extent of the defendant's assistance;
>
> (4)  any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>
> (5)  the timeliness of the defendant's assistance.

Id.  "Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain." Application Note 3 to U.S.S.G. § 5K1.1.

In the present case, David Govang provided the FBI with detailed information about how to access the sophisticated, security conscious, and difficult to find child pornography message board known as Ranchi.  Govang advised the FBI where the Ranchi message board was located, what "gateways" to go through to access it, the names of the administrators of the message board, and a description of its contents.  Govang also provided the FBI with his online ID to allow the FBI to conduct an undercover operation of the Ranchi message board.  As a result of the

information that Govang provided, the FBI was able to determine that the Ranchi message board was located overseas, and that it hosted links to child pornography websites depicting children as young as six months old. The FBI conducted an undercover sting operation to identify the members of the Ranchi message board, and sent out approximately 146 leads for domestic targets (and additional leads for international targets). In late February 2007, the FBI coordinated search warrants and knock and talks on targets throughout the U.S. as well as other countries. As a result of this operation, at least 77 new FBI cases have been opened and 21 indictments have been obtained to date. This operation has also resulted in the rescue of at least two sexually victimized children: a 7 year old female and an 8 year old female both photographed in sexually suggestive positions by Randy Lee Miller, a Philadelphia subject. In addition to Miller, the FBI believes at least two other producers of child pornography have been identified in this operation. The operation is ongoing, and the arrests of dozens more defendants are pending forensic examinations of evidence. All of these new cases, arrests, convictions, and rescues of victims were the direct result of the information that Govang had provided.

Because Govang's cooperation led to the large number of new investigations and prosecutions of individuals involved in child pornography and child exploitation offenses including producers of child pornography, and because these investigations have led to the rescues of multiple child victims of sexual abuse, the United States asks the Court to downwardly depart ten-levels on Govang's offense level. Given Govang's Criminal History Category of I, the applicable guidelines range would then be 46-57 months.

**B.    A Term of 46 Months of Custody Is a Reasonable Sentence That Falls Within the Applicable Guidelines Range**

The United States requests that the Court impose a sentence of 46 months in custody, which reflects a sentence at the bottom of the applicable guidelines range, and which is a reasonable sentence after considering the factors under Section 3553(a).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court instructed that a sentencing court should take the Guidelines into account and also fashion a reasonable sentence reflecting the seriousness of the offense, promote respect for the law, provide for just

1  punishment, provide adequate deterrence, and protect the public under 18 U.S.C. § 3553(a).
2  <u>Booker</u>, 125 S. Ct. at 765.
3     The Supreme Court has held that when a district court applies a sentence within a
4  properly calculated guidelines range, the courts of appeals may apply a presumption of
5  reasonableness to that sentence.  <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007).  As the Supreme
6  Court noted, this "reasonableness presumption "simply recognizes the real-world circumstance
7  that when the judge's discretionary decision accords with the [Sentencing] Commission's view
8  of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the
9  sentence is reasonable."  <u>Id.</u> at 2465.
10    In the present case, the 46 months of incarceration requested by the United States falls
11 within the properly calculated Guidelines Range.  Therefore, if this Court determines to impose a
12 46-month sentence, the Ninth Circuit may presume that this sentence is reasonable.
13    Moreover, a 46-month sentence is indeed reasonable after considering the factors under
14 Section 3553(a).  Section 3553(a), entitled "Factors to be considered in imposing sentence,"
15 provides as follows:

> The court shall impose a sentence sufficient, but not greater than necessary, to
> comply with the purposes set forth in paragraph (2) of this subsection.  The court,
> in determining the particular sentence to be imposed, shall consider -
>
>   (1)  the nature and circumstances of the offense and the history and
>   characteristics of the defendant;
>
>   (2)  the need for the sentence imposed -
>
>     (A) to reflect the seriousness of the offense, to promote respect for the law,
>     and to provide just punishment for the offense;
>
>     (B) to afford adequate deterrence to criminal conduct;
>
>     © to protect the public from further crimes of the defendant; and
>
>     (D) to provide the defendant with needed educational or
>     vocational training, medical care, or other correctional
>     treatment in the most effective manner;
>
>   (3) the kinds of sentences available;
>
>   (4) the kinds of sentence and the sentencing range established for - (A) the
>   applicable category of offense committed by the applicable category of defendant
>   as set forth in the [Sentencing] guidelines . . . that . . .are in effect on the date the

1 | defendant is sentenced;

2 | (5) any pertinent policy statement - (A) issued by the Sentencing Commission . . . that . . . is effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Thus, under Section 3553(a), this Court should impose a sentence that reflects (1) the nature and circumstances of the offense, and (2) the history and characteristics of the defendant; and the sentence should (3) reflect the seriousness of the offense, (4) promote respect for the law, provide for just punishment, (5) provide adequate deterrence, and (6) protect the public.

In the present case, the defendant David Govang possessed approximately 435 images, and nine videos (each video being the equivalent of 75 still images), of child pornography. In addition, although Govang is not charged with transportation or distribution of child pornography, the investigation revealed that Govang was uploading child pornography to the NAMBLA website in order to gain access to other child pornography images being offered on that site. Govang's possession of child pornography, including his demonstrated willingness to trade child pornography, is a serious offense that warrants a custodial guidelines sentence. On the other hand, Govang has no criminal convictions. In addition, Govang has been cooperative with law enforcement from the very beginning of the investigation, when the search warrant was first executed at his residence and long before any criminal charges were filed against him. Govang was cooperative not only with respect to admitting his own culpability and but also aiding law enforcement in pursuing numerous other offenders from the Ranchi website. Therefore, while a guidelines sentence is necessary to address the seriousness of the offense and to provide adequate deterrence, the United States believes that a sentence at the bottom of the guidelines range is a reasonable one that will serve to provide just punishment for this defendant and will sufficiently protect the public.

Accordingly, the United States ask the Court to impose a custodial sentence of 46

months.

## CONCLUSION

For the foregoing reasons the United States requests that the Court impose a sentence of 46 months in custody, which reflects a sentence at the bottom of the applicable guidelines range, and which is a reasonable sentence after considering the factors under Section 3553(a). The United States concurs with the Probation Offices's recommendation that the term of custody be followed by 5 years of supervised release, and that a $100 special assessment be imposed.

DATED: November 5, 2007              Respectfully submitted,

                                     SCOTT N. SCHOOLS
                                     United States Attorney


                                     _____
                                     SHAWNA YEN
                                     Assistant United States Attorney